James W. McCullough *et al.*

*v.*

Calvin C. Ford.

</div>

*Filed at Mt. Vernon June 14, 1880—Rehearing denied November Term, 1880.*

1. Married women—*the husband reducing wife's property to possession.* The mere fact that notes given for the purchase money of land belonging to a married woman, as her separate property, were taken in the name of her husband, the notes never having been collected by him, will not be regarded as a reduction of the wife's property to the possession of the husband, so that, by the common law, the title would vest in him.

2. Trust—*whether it arises.* A married woman, holding lands as her separate property, sold the same, and notes for a part of the purchase money were taken by her husband, in his own name, but were not collected in his lifetime. Under the law of the domicil of the parties—the State of Louisiana—the notes, notwithstanding they were taken in the name of the husband,

remained the absolute property of the wife. After the death of the husband, the widow collected the amount of the notes in her own name. Subsequently she married again—this time in the State of Missouri, where the common law prevailed, under which the personal property of the wife became the property of the husband on the marriage. This second marriage was followed by a divorce, and a settlement between the parties, in respect to their property. Upon bill filed by the children by the first marriage against the second and divorced husband, alleging that he held moneys, and property purchased with money which was derived from the estate of their grandfather—their mother's father—and that a trust arose in their favor, in respect to such property, it was *held*, that although the mother of complainants did inherit the lands mentioned, from her father's estate, yet the proceeds of the sales of those lands were her separate property up to the time of her second marriage, never having belonged to her first husband, the complainant's father, and on her settlement with the second and divorced husband, she had the right to permit him to retain that money if she chose so to do. So no trust arose as was claimed.

WRIT OF ERROR to the Circuit Court of Fayette county; the Hon. H. M. VANDEVEER, Judge, presiding.

Mr. C. W. THOMAS, for the plaintiffs in error.

Messrs. MOULTON & CHAFFEE, and Messrs. HENRY & FOUKE, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Although the record in this case is quite voluminous, there is very little disagreement as to the facts on which the decision depends, so that we are able to state our conclusions without any extended discussion, either on the facts or the law applicable thereto.

The bill is to have declared a resulting trust in certain lands alleged to have been purchased with funds which complainants charge, of right, belonged to them, and have an account taken of moneys derived from the same source, and not invested. The theory on which the bill is framed is, that defendant collected funds that originally came from the estate of Joseph Pepper, deceased, that belonged to the father of complainants, and on his death descended to them, and which defendant invested a part, at least, in lands, they seek

now to have conveyed to them, and to have an account taken of the residue.

The evidence does not sustain the bill as to the principal allegations. There is no doubt the funds received by defendant, and which are the subject of this litigation, came, originally, from the Pepper estate. That fact is proved with sufficient certainty. But these funds were the proceeds of the sale of lands inherited by Louisa Pepper—who was, at one time, the wife of George McCullough, since deceased—from Joseph Pepper, deceased. Louisa and McCullough were married, and resided in the State of Louisiana, where the lands are situated. It appears the lands of the wife were sold, partly on time, and the notes for the unpaid balance of the purchase money taken in the name of her husband, George McCullough.

There is absolutely no evidence that McCullough ever reduced his wife's property to his possession. The utmost that is claimed is, that he took notes, given to secure the purchase money of her lands, in his own name, but none of them were collected in his lifetime, as the record will show. But if he had reduced her property to his possession, as the law then was in Louisiana, where the parties resided, we do not understand that fact would have divested the wife of her interest in her own separate estate. The civil law prevailed in Louisiana, the domicil of the parties, and where the property was situated. It is agreed the statutes of that State may be regarded as in evidence, with the privilege to either party to cite them, without further proof.

Litigation sprang up between the purchaser of the real estate and the heirs of Joseph Pepper, as to the purchase money, to which McCullough and his wife, with the other heirs, were made parties. It was continued through a series of years, and was not ended at the time of the death of McCullough, which occurred in Missouri, in 1849. The estate sold belonged, absolutely, to the mother of complainants, and the notes taken for the purchase money were as absolutely

her property, notwithstanding the fact they were taken in the name of her husband. That fact did change the property in them. The wife was a party to all the suits to collect the notes, and after the death of her husband she was the sole survivor in interest. It was not until four years after the death of her husband that a settlement was effected, by which she collected the sum due, in her own name.

Afterwards, the mother of complainants became the wife of defendant, Calvin C. Ford, in the State of Missouri, where the common law prevailed, and where the personal property of the wife became the property of the husband on their marriage. It seems that, subsequently, defendant and his wife were divorced, and a settlement had in regard to their property, which appears to have been entirely satisfactory to her. But that is not a matter material to the present decision.

As the funds that came to the hands of defendant, from the estate of Joseph Pepper, belonged to the mother of complainants, as her separate estate, and not to her husband, the father of complainants, she could make what disposition of it she chose to do. If she chose to give it to her second husband—the defendant—or allow him to retain it after the divorce, that is a matter about which complainants can not be heard to complain in a court of chancery.

As it does not appear that the funds that came to defendant, from or in the right of his wife, either equitably or legally belonged to the father of complainants, they can not call upon defendant to account to them for the same.

The decree will be affirmed.

*Decree affirmed.*